**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 13, 2012

LETTER TO COUNSEL

    RE: Rhonda Edlefsen v. Michael J. Astrue, Commissioner of Social Security;
           Civil No. SAG-11-987

Dear Counsel:

    This matter is before me by the parties' consent. (ECF Nos. 6, 7). On April 15, 2011, claimant Rhonda Edlefsen petitioned this Court to review the Social Security Administration's final decision to deny her claim for a period of disability and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 15 and 16). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Ms. Edlefsen filed her claim for DIB on March 19, 2008.[1] (Tr. 21). The Appeals Council denied Ms. Edlefsen's request for review (Tr. 1-9), so the August 26, 2009 decision of Administrative Law Judge William K. Underwood ("the ALJ") is the final, reviewable decision of the agency.

    The ALJ determined that Ms. Edlefsen retained the capability to perform her "past relevant work as a computer technical support person." (Tr. 28). The ALJ based that determination, in part, on testimony from a vocational expert ("VE") that a person who was limited to the sedentary exertional level who should never engage in constant fingering activities and should not need to hold their hands above their shoulders for an extended period of time could perform the work required as a computer technical support person. (Tr. 57). The ALJ therefore determined that Ms. Edlefsen is not disabled. (Tr. 28-29).

---

[1] Ms. Edlefsen alleged disability beginning December 1, 2002. Ms. Edlefsen had acquired sufficient quarters of coverage to remain insured through December 31, 2008. Ms. Edlefsen acknowledges, however, that she actually continued to work through February, 2003, and that the earliest she would be entitled to receive DIB benefits would be for the 12 months immediately before the month in which she filed her application. As a result, the benefits in question are from March, 2007, through December 31, 2008.

Ms. Edlefsen claims that the ALJ erred in several ways. She argues that the ALJ did not give proper weight to the opinion of her treating physician, Dr. Andrew O. Donelson; that the ALJ did not properly evaluate her residual functional capacity ("RFC") by making a "function by function assessment;" and that the ALJ failed to properly evaluate Ms. Edlefsen's credibility. Pl.'s Mot. 11-25. Because the ALJ's opinion is deficient in its explanation of the rationale for the conclusions reached, the case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Edlefsen was ineligible for DIB was correct or incorrect.

**1. The ALJ Provided Insufficient Support to Reject the Opinion of Ms. Edlefsen's Treating Physician.**

The ALJ assigned "very little probative weight" to the opinion of Ms. Edlefsen's treating physician, Dr. Donelson. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir.1996); *see also* 20 C.F.R. § 404.1527(d)(2). Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 CFR § 404.1527(d). These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician. 20 CFR § 404.1527(d)(1)-(5). Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Issues reserved to the Commissioner are administrative findings that are dispositive of a case, such as determining a claimant's residual functional capacity ("RFC"). *Id*.

Dr. Donelson completed a residual functional capacity assessment for Ms. Edlefsen. (Tr. 527-534). In that assessment, he opined that Ms. Edlefsen could only sit for one hour and stand/walk less than one hour in an eight hour day, that she could not sit continuously in a work setting, that she has significant limitations in doing repetitive reaching, handling, fingering or lifting, and that she is essentially precluded from grasping, turning, or twisting objects. *Id.* He further opined that she would be absent from work more than three times per month, and that the symptoms he described had been present since August 2006. *Id.* The ALJ rejected Dr. Donelson's opinion and based his own RFC assessment on "treatment notes of the claimant's treating rheumatologist, the longitudinal medical records and the claimant's activities of daily living." (Tr. 28). As set forth below, the ALJ's explanation of his rationale does not permit adequate review.

The treatment notes of Ms. Edlefsen's rheumatologist, Dr. A. Shams Pirzadeh, described a medical condition that varied dramatically over time. For example, on July 2, 2007, Dr. Pirzadeh noted, "Finger joints, wrists, elbows, shoulders, and knees are normal . . . This patient's rheumatoid arthritis has favorably responded to methotrexate which will be continued." (Tr. 435). On September 17, 2007, Dr. Pirzadeh stated that, "This patient's rheumatoid arthritis is well controlled on methotrexate and folic acid which will be continued." (Tr. 434). On February 26, 2008, Dr. Pirzadeh wrote, "Right first MCP, left second MCP, both wrists, right elbow, both

shoulders, both ankles, and right knee are minimally swollen (1+) with synovial hypertrophy and tenderness. Physical examination otherwise is unchanged and within normal limits . . . Her arthritis has now become active, and she is becoming a candidate for anti-TNF therapy." (Tr. 436). On March 26, 2008, Dr. Pirzadeh opined, "Left second MCP, both wrist and right knee are minimally (1+ swollen) with synovial hypertrophy. There is no swelling or effusion in any of her other joints. This lady has started to show some improvement on increased dose of methotrexate and I hope she will not need to start taking anti-TNF." (Tr. 438). On May 8, 2008, Dr. Pirzadeh specifically noted a problem with fingering: "She continues to have pain and stiffness in her fingers and is having difficulty typing. . . In the past, I have considered using anti-TNF on her but she is still today afraid of self injecting her and in spite of her joint pain she decided to stay on the same regimen. . . This patient's rheumatoid arthritis remains active. Currently, she does not wish to start anti-TNF and I have no other choice but to continue her on the same regimen." (Tr. 437). On July 2, 2008, Dr. Pirzadeh wrote, "She is still having pain and stiffness especially in her hands, more so in her elbows . . . This patient's rheumatoid arthritis, in spite of Methotrexate, remains active. I previously talked to her about anti-TNF, and now, with increased intensity of joint pain. She agreed to start taking Humira." (Tr. 499).

Just one week later, on July 9, 2008, Ms. Edlefsen was evaluated by Dr. Willie Yu. (Tr. 442-443). In stark contrast to Dr. Pirzadeh's findings one week earlier, Dr. Yu found that Ms. Edlefsen, "has flexible shoulders, elbows, and hands without pain . . . There is a mild degree of tenderness on the bilateral wrists and MP joints of both hands . . . She has unlimited use of both upper extremities." (Tr. 443).

At Ms. Edlefsen's next appointment with Dr. Pirzadeh, he also noted improvement. On September 2, 2008, he stated, "Her arthritis has improved with this combination [of medications], except for a minimal degree of stiffness and pain in her elbows. She does not have problems with any of her other joints." (Tr. 497). On November 10, 2008, Ms. Edlefsen saw Dr. Pirzadeh for intermittent jaw pain. Other than the jaw issue, Dr. Pirzadeh noted, "There is a minimal degree of capsular thickening of the left knee. There is no swelling or tenderness in the elbows, MCPs or in any of her other joints. Ms. Edlefsen's rheumatoid arthritis is well-controlled on the current regimen which will be continued." (Tr. 517).

Dr. Pirzadeh did not complete a RFC for Ms. Edlefsen. In his written opinion in this case, the ALJ expressly considered and rejected Dr. Donelson's RFC assessment as follows:

> While Dr. Donelson is a treating physician he treats the claimant for gastrointestinal problems he is not a rheumatologist. Dr. Donelson's treating notes do not support the restrictions noted on the residual functional capacity assessment he completed in March 2009. The restrictions noted on the residual functional capacity assessment are also not consistent with other substantial evidence including the treatment notes of the claimant's treating rheumatologist that indicate that the claimant's rheumatoid arthritis is under good control. Dr. Donelson's opinion expressed in March, 2009 after the date last insured is given very little probative weight.

(Tr. 27-28). Dr. Donelson's role in Ms. Edlefsen's care clearly exceeded that of gastrointestinal

3

treatment.  He was Ms. Edlefsen's internist and managed her overall health care, as evidenced by the fact that Dr. Pirzadeh and other treating sources addressed their reports to Dr. Donelson.  *See, e.g.,* Tr. 434.  Without citing any specific examples, the ALJ asserts that Dr. Donelson's treating notes do not support the restrictions he noted in his residual functional capacity form.  In fact, Dr. Donelson's treating notes routinely noted joint pain, weakness, swelling, and "arthritic deformities."  *See, e.g.,* Tr. 312, 315, 536.  Finally, while the ALJ adopts and cites Dr. Pirzadeh's periodic assessment that Ms. Edlefsen's arthritis is under very good control, as set forth above, her condition was far from stable throughout the relevant period.  The ALJ does not explain how his analysis of Dr. Pirzadeh's longitudinal records belies Dr. Donelson's opinion.  Given Dr. Donelson's long-standing relationship with and frequent medical treatment of Ms. Edlefsen, the ALJ failed to establish a sufficient factual record for his rejection of Dr. Donelson's assessment.  The case will be remanded for appropriate analysis of that opinion.

**2.  The ALJ Failed to Properly Evaluated Ms. Edlefsen's RFC**

Residual functional capacity (RFC) is an assessment regarding what a claimant can do despite his or her physical or mental limitations. *See* SSR 96–8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1546(c); 404.946(c). To determine a claimant's RFC, the ALJ will consider all of the claimant's impairments, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). The RFC assessment is based on all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(3). In determining a claimant's RFC, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. *See* SSR 96–8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. *Id.*

Ms. Edlefsen contends that the ALJ erred in evaluating her RFC.  In fact, the ALJ's opinion lacks adequate information for me to determine whether he conducted a valid inquiry.  The ALJ cites no medical reports supporting his assessment that "she can do frequent but not constant fingering and cannot hold her hands above her shoulders for an extended period of time."  (Tr. 25).  All of the medical opinions in the record are either more restrictive or less restrictive than the RFC set forth by the ALJ.  *Compare* Tr. 460 (Dr. Ali J. Afrookteh opinion that Ms. Edlefsen cannot sustain movements and has marked limitation in using fingers/hands) *and* Tr. 530 (Dr. Donelson opinion that Ms. Edlefsen has significant limitations in doing repetitive fingering because she is "limited by progressive pain with use") *with* Tr. 449 (opinion of Dr. P.H. Moore that no manipulative limitations were established).  In fact, the ALJ makes no reference whatsoever to Dr. Moore's opinion or the opinion of other SSA reviewing physicians, and makes no express assignment of weight as to the opinion of consultative examiner Dr. Willie Yu.  (Tr. 27).

An RFC assessment is acceptable if it includes "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm' r, Social Sec.,* Civil No. SAG–10–1828, 2011 WL 6130605 at *4 (D.Md. Dec. 7, 2011); *See also Coles v. Astrue*, Civil No. JKS 08–321, 2009 WL 3380334 (D.Md. Oct. 16, 2009) ("Once all of the relevant evidence has been considered, then the ALJ may express the RFC in terms of the exertional levels of work.") (citing SSR 96–8p at *3.)  Although the ALJ's RFC assessment for Ms. Edlefsen includes a narrative discussion, that discussion was insufficient to permit me to ascertain the specific factual support

for the ALJ's determination of Claimant's RFC. Ultimately, the ALJ assigns "very little weight" to Dr. Afrookteh and "little probative weight" to Dr. Donelson, but does not specify any opinions or medical evidence to which he assigns any measurable weight. The ALJ's vague reference to support to be gleaned from the "longitudinal medical records" is deficient. (Tr. 28). Without additional information about the basis for the ALJ's opinion, I cannot evaluate his rationale. For that reason, the case will be remanded for further proceedings in accordance with this opinion.

### 3. The ALJ Properly Evaluated Ms. Edlefsen's Credibility.

Ms. Edlefsen finally contends that the ALJ did not complete the two-step process for evaluating her allegations of pain. This contention lacks merit. The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Id.* The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595.

The ALJ has cited to substantial evidence to support his overall finding on Claimant's subjective complaint of pain. First, the ALJ expressly found that Ms. Edlefsen's "medically determinable impairments could reasonably be expected to cause the alleged symptoms [of pain.]" (Tr. 26). The ALJ then determined that the "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 26). Specifically, the ALJ cited to the activities of daily living reported by Ms. Edlefsen in her written documentation, and the treatment notes in her medical records. (Tr. 26). Those citations constitute substantial evidence to support the ALJ's determination. Therefore, although the case is being remanded on other grounds, the ALJ's credibility determination in this decision was not inherently flawed.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge